**Anatoliy Ivanovich SAVKIN; et al., Petitioners,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–70701.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 13, 2004.

Decided Nov. 29, 2004.

---

Before: HAWKINS, THOMAS, and BEA, Circuit Judges.

### MEMORANDUM *

Anatoliy Ivanovich Savkin and his wife Larisa, both native citizens of Russia, petition for review of the Board of Immigration Appeals' summary decision affirming the Immigration Judge's (IJ) denial of his application for asylum and withholding of removal. We grant the petition for review. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

We review credibility findings under a substantial evidence standard, and although we accord substantial deference to the IJ, the finding must be based on specific, cogent reasons for any stated disbelief. *Manimbao v. Ashcroft,* 329 F.3d 655, 658 (9th Cir.2003). Minor inconsistencies or factual omissions that do not go to the heart of the asylum claim are insufficient to support an adverse credibility finding. *Singh v. Ashcroft,* 367 F.3d 1139, 1143 (9th Cir.2004).

In this case, the IJ's adverse credibility finding is not supported by substantial evidence. The IJ *inappropriately relied on* inconsistencies between the asylum appli-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

cation and Savkin's testimony and declaration. Savkin filled out the application form pro se, the omission was minor, reasonably explained and corroborated by a letter from other members of his church in Russia. Therefore, there was no contradiction or variance between the application and testimony. *See Aguilera–Cota v. INS,* 914 F.2d 1375, 1382 (9th Cir.1990). The IJ also inappropriately relied on alleged inconsistent statements that were merely incidental to the asylum claim and cannot serve as the basis for an adverse credibility finding. *Akinmade v. INS,* 196 F.3d 951, 956–57 (9th Cir.1999).

The IJ's reliance on the State Department Country Report to bolster his adverse credibility finding is misplaced because "it is not a 'substantial, cogent reason' to discredit the petitioner's testimony of past persecution based on a report describing a general condition of peace in society." *Shah v. INS,* 220 F.3d 1062, 1069 (9th Cir.2000). Indeed, the Country Report noted that localized persecution of evangelical Christians, as alleged here, does occur and is a common claim for asylum.

Regarding the merits of Savkin's claim, the IJ erroneously placed the burden on Savkin to show a nationwide threat of persecution. Additionally, the conclusion that it appears "likely" that he can relocate does not adequately evaluate the reasonableness of such relocation in light of the regulations and our case law. *See Melkonian v. Ashcroft,* 320 F.3d 1061, 1069–70 (9th Cir.2003); 8 C.F.R. § 208.13(b)(3).

Finally, it is well established that persecution on account of a protected ground may be demonstrated even if the persecutor acts out of mixed motives. "Put another way, the protected ground need only constitute *a* motive for the persecution in question; it need not be the *sole* motive." *Navas v. INS,* 217 F.3d 646, 656 (9th Cir.2000). Here, Savkin does not complain of the initial extortion by governmental authorities, but the persecution after Department Six desired the money he gave to his church, demanded he leave his religion and sign illegal contracts when he refused to collaborate because it would violate his religious tenets. Thus, at least *one* of the motives for Savkin's persecution was based on his religious beliefs. *See Gonzales–Neyra v. INS,* 122 F.3d 1293, 1296 (9th Cir.1997), *amended by* 133 F.3d 726 (9th Cir.1998).

If credited properly, Savkin's testimony establishes past persecution on account of his religious beliefs. Thus, we must grant the petition and remand for further proceedings pursuant to *INS v. Ventura,* 537 U.S. 12, 17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION GRANTED; REMANDED.**